# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| BRUCE A. OWENS,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. C. MAY and<br>ARP COORDINATOR REED (RCI),<br><br>    Defendants. | Civil Action No. TDC-18-0509 |

## MEMORANDUM OPINION

Plaintiff Bruce A. Owens, an inmate at Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that correctional personnel retaliated against him for serving as a witness in support of another inmate's complaint and interfered with his due process rights. Service could not be effected on Defendant ARP Coordinator Reed. Defendant Sgt. Christopher May responded by filing the pending Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Although Owens was advised of his right to respond to the Motion, he has not filed a memorandum in opposition to the Motion. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local Rule 105.6. For the reasons set forth below, all claims against Reed shall be dismissed without prejudice and May's Motion, construed as a Motion for Summary Judgment, shall be granted.

## BACKGROUND

This action was opened following receipt of correspondence dated February 4, 2018, in which Owens alleged that May, a correctional officer at RCI, had retaliated against him for

testifying against another correctional officer. Owens claimed that May fabricated an unspecified report about him, resulting in Owens's placement on segregation. Owens requested guidance from the Court on whether he could file a formal complaint under § 1983.

On February 26, 2018, Owens filed a formal § 1983 Complaint stating that May "intentionally wrote a fabricated infraction; served thirty-seven days on segregation; threaten me with more segregation, haras[s]ment and further punishment." Compl. at 3, ECF No. 2 (capitalization altered). Owens further alleged that Reed "denied me access to IID and denied me access to the courts; refuse to process the Complaints; violated due process; violated the Accardi doctrine." *Id.*

In his Motion, May assumes that Owens's claim about a false infraction refers to a Notice of Rule Violation that May issued to Owens on November 21, 2017. May asserts that he issued the Notice after viewing a videotape of Owens and another inmate "exchang[ing] closed fist punches" while Owens was acting as a referee during a basketball game. May Decl. ¶¶ 3-5, Mot. Summ. J. Ex. 3, ECF No. 11-5. Certified records of Owens's disciplinary hearing reflect that on December 18, 2017, Owens pleaded guilty to the charged rule violation and did not appeal the decision to the warden. May further states that on December 27, 2017, he informed Owens "that he was no longer authorized to referee basketball games at the gym and that he should not come to the gym expecting to referee games until he applied for reinstatement." May Decl. ¶ 7.

In an administrative remedy procedure grievance ("ARP") dated January 3, 2018 and assigned case number RCI-0048-18, Owens alleged that May threatened him on December 27, 2017 by stating "do not come to the gym." Records at 20, Mot. Summ. J. Ex. 1, ECF No. 11-3. Owens "request[ed] the assistance of someone from IID to [intervene] and help me pursue legal & criminal charges." *Id.* The ARP was returned to Owens on February 1, 2018 with instructions to

2

resubmit the grievance with additional information explaining why Owens believed this statement to be a threat, whether May had physically assaulted him, whether Owens had gone to the gym, and other details. Owens was also instructed that he had to obtain the signature of a sergeant or lieutenant on his ARP.

On February 14, 2018, four days after he mailed his initial correspondence to this Court that prompted the opening of this case, Owens resubmitted ARP No. RCI-0048-18 with the necessary signature. The resubmitted grievance stated, "When the accused told me 'Don't come to the gym,' that was an 'implied threat.'" Records at 21. He did not answer the other questions, contending that they were "irrelevant and immaterial to the complaint." *Id.* On February 23, 2018, three days before Owens mailed his formal § 1983 Complaint to this Court, the resubmitted ARP was dismissed because Owens failed to provide the requested information.

With the Motion, May has submitted a declaration by RCI's current ARP Coordinator stating that Owens never submitted an ARP about the November 21, 2017 incident and that the only ARP Owens submitted regarding the December 27, 2017 incident was ARP No. RCI-0048-18. May has also submitted a declaration from an Administrative Officer of the Inmate Grievance Office ("IGO") stating that Owens filed an appeal of the denial of ARP No. RCI-0048-18 on April 12, 2018, and that the appeal had not been decided as of the filing of the Motion.

## DISCUSSION

In his Motion, May seeks dismissal of the Complaint or summary judgment in his favor on several grounds, including Owens's failure to exhaust administrative remedies. Because the Court finds that Owens did not exhaust administrative remedies, it need not address the remaining arguments.

3

I. **Legal Standards**

May has filed his Motion as a Motion to Dismiss, or, in the Alternative, for Summary Judgment. Typically, when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers only the complaint and any attached documents "integral to the complaint." *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). To the extent that grounds for dismissal are based solely on the contents of the Complaint, the Court may dismiss the Complaint pursuant to Rule 12(b)(6) if the complaint does not allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Rule 12(d) requires courts to treat a Rule 12(b)(6) motion as a motion for summary judgment where matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some indication that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir.

4

1985) (citation omitted). Here, the notice requirement has been satisfied by the title of the Motion and a notice provided by the Court to Owens advising him of the provisions of Rules 12 and 56. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d) explaining why "for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), or otherwise put the district court on notice of the reasons why summary judgment is premature. *See Harrods, Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002); *Hamilton v. Mayor & City Council of Balt.*, 807 F. Supp. 2d 331, 341 (D. Md. 2011). Here, Owens has not filed a Rule 56(d) affidavit or otherwise requested discovery in this matter, nor has he submitted an Opposition to May's Motion. Under these circumstances, the Court will construe May's Motion as a Motion for Summary Judgment.

Under Federal Rule of Civil Procedure 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

## II. Exhaustion of Administrative Remedies

May raises the affirmative defense that Owens has failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. § 1997e(a)):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2018). Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (holding that an inmate "must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). In *Ross*, the United States Supreme Court identified three circumstances when an administrative remedy is unavailable. An administrative procedure is not available when officers are consistently unwilling or unable to provide relief to aggrieved inmates, the procedure is so opaque that it is practically incapable of use, or prison administrators actively thwart inmates from filing grievances. *Ross*, 136 S. Ct. at 1859-60.

In Maryland prisons, for the type of grievance asserted by Owens, the Administrative Remedy Procedure is the administrative process that must be exhausted. First, a prisoner must file an ARP with the warden of the prison within 30 days of the incident or when the prisoner gains

6

knowledge of the injury giving rise to the complaint. *See* Md. Code Regs. ("COMAR") §§ 12.07.01.04 - 05.A. (2017). Second, if the ARP is denied, a prisoner must file an appeal with the Commissioner of Correction within 30 days. COMAR § 12.07.01.05.C. If the appeal is denied, the prisoner must appeal within 30 days to the IGO. *See* Md. Code. Ann., Corr. Servs. §§ 10–206, 10–210 (West 2002); COMAR §§ 12.07.01.03, 12.07.01.05.B. Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court. Md. Code Ann., Corr. Servs. § 10–210.

Although the United States Court of Appeals for the Fourth Circuit has not decided the issue, the weight of circuit authority establishes that the administrative process must be fully completed before the complaint is filed, and that completing the administrative process while the suit is pending but prior to entry of judgment does not prevent dismissal for failure to exhaust administrative remedies. *See Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001) (overruled on other grounds) (holding that inmates must exhaust before filing suit); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (same); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 534-35 (7th Cir. 1999) (same); *see also Kitchen v. Ickes*, 116 F. Supp. 3d 613, 624 (D. Md. 2015) ("Exhausting administrative remedies after a complaint is filed will not prevent a case from being dismissed for failure to exhaust administrative remedies."). *But see Williams v. Norris*, 176 F.3d 1089, 1090 (8th Cir. 1999) (per curiam) (reversing the district court's dismissal because the prisoner's grievance had been denied "at the time the court ruled").

Here, May has established that Owens did not exhaust administrative remedies prior to initiating this suit. It is undisputed that Owens's only ARP relating to May's alleged retaliation and harassment was ARP No. RCI-0048-18. As of the submission of his formal Complaint on February 26, 2018, the ARP had been dismissed, but Owens had yet to complete the second and

third steps in the process, appeals to the Commissioner of Correction and the IGO. Owens did not file his appeal to the IGO until April 12, 2018, and the record does not establish when or if that appeal has now been resolved. Because exhaustion must be completed before suit is filed, and Owens has offered no plausible claim that administrative remedies were unavailable to him, the Court will grant the Motion and dismiss the Complaint for failure to exhaust administrative remedies. *See, e.g., Neal*, 267 F.3d at 121-22.

## III. Defendant Reed

RCI did not accept service on behalf of Defendant Reed. With the Motion, Defendants have submitted a declaration of the RCI Litigation Coordinator stating that "[a]t no time since the beginning of 2017 has RCI employed an ARP coordinator with the last name Reed." Baker Decl. ¶ 3, Mot. Summ. J. Ex. 2, ECF No. 11-4. Based on this declaration, the lack of any additional information in Owens's filings that could aid the Court in identifying "ARP Coordinator Reed," and the vague, conclusory assertions against Reed, the Court will dismiss Reed from this action. The dismissal will be without prejudice to Owens's ability to file a factually-supported complaint against the intended defendant in the future.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative Summary Judgment will be GRANTED, and the claims against Defendant Sgt. May will be dismissed. All claims against Defendant Reed will be dismissed without prejudice. A separate order shall issue.

Date: January 31, 2019

THEODORE D. CHUANG
United States District Judge

8